UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEBASTIAN AREVALO<br><br>Plaintiff,<br><br>v.<br><br>BRIGHTON GARDENS, SUNRISE SENIOR LIVING, LLC, CORP. XYZ 1-10, JOHN DOES 1-10<br><br>Defendants. | Civil Action No. 15-2563 (MAS)<br><br>MEMORANDUM OPINION AND ORDER |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Sebastian Arevalo's ("Plaintiff") motion to amend his Complaint in order to add new defendant Frank R. Evegan ("Evegan"), as well as amend his existing factual allegations against Defendant Sunrise Senior Living, LLC ("Sunrise"). [Docket Entry No. 26]. Plaintiff also asks the Court to remand this lawsuit to New Jersey state court, as Evegan's joining would destroy diversity jurisdiction. [*Id*.] Defendants Brighton Gardens[1], and Sunrise (collectively, "Defendants") oppose Plaintiff's motion. [Docket Entry No. 28]. Plaintiff filed no reply to Defendants' response. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion, and the Court considers same without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is DENIED in part and GRANTED in part.

---

[1] "Brighton Gardens," while a named defendant, is not a legal entity; rather it is a trade name used at certain senior living communities operated by Sunrise Senior Living Services, Inc, an affiliate of Defendant Sunrise.

1

I.     **Background and Procedural History**

As the parties are familiar with the facts of this case, the Court will only recite the procedural and factual background relevant to Plaintiff's motion. Plaintiff filed the instant lawsuit on February 25, 2015 in the Superior Court of New Jersey, Monmouth County: Law Division; alleging against the Defendants violations of the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, *et seq*. ("NJLAD"). [Docket Entry No. 1, Ex. 1 at 3; *Pl.'s Not. of Removal, Ex. A, NJ State Court Compl.*]. Defendants removed this lawsuit to the District of New Jersey on April 10, 2015, and filed a motion to dismiss soon thereafter on April 30, 2015. [Docket Entry No. 7]. Plaintiff opposed same on August 25, 2016, and within its opposition, also cross-moved to remand the action to state court, claiming that Evegan (then pled as one of numerous Doe Defendants) was a non-diverse party, destroying Court's subject matter jurisdiction. [Docket Entry No. 15].

The District Court granted Defendants' motion to dismiss on October 8, 2015, finding Plaintiff's Complaint did not plead the factual allegations necessary to plausibly allege a sexual orientation discrimination claim under the NJLAD. [Docket Entry No. 21]. The Court gave the Plaintiff until November 6, 2015 to file a motion to amend his Complaint. [*Id*.].

The Plaintiff obliged on that same date by filing his first motion to amend, which sought for the first time to add Evegan as a party defendant. [Docket Entry No. 22]. The Court however, denied same without prejudice on January 22, 2016, finding the Plaintiff's proposed Amended Complaint did not allege the factual allegations required to bring any plausible claims against Evegan. [Docket Entry No. 25]. The Court likewise denied as moot Plaintiff's request to remand the action back to state court. [*Id*.]. Soon thereafter on February 5, 2016, Plaintiff filed his instant second motion to amend and remand. [Docket Entry No. 26].

Plaintiff's motion once again seeks leave to join Evegan as a non-diverse defendant, and consequently, remand the lawsuit to state court. [*Id.*]. Attached to Plaintiff's motion is his proposed Amended Complaint alleging the same five counts from Plaintiff's prior motion to amend and remand: Count I – sexual orientation discrimination, in violation of the NJLAD; Count II – hostile work environment based on sexual orientation, in violation of the NJLAD; Count III – negligent supervision; Count IV – intentional infliction of emotional distress; and Count V – negligent hiring (Counts III-V collectively referred to as Plaintiff's "common law claims,") which are now bolstered by 32 new factual allegations in support. [See Docket Entry No. 26-7; *Pl.'s Prop. Am. Compl.* at ¶¶ 3, 6, 8, 16-45].

According to Plaintiff's proposed Amended Complaint, Evegan is the executive director for Sunrise and resides in New Jersey. [*Id.* at ¶ 3]. Evegan was employed in a managerial/supervisory capacity during the Plaintiff's employment at Sunrise, and was the Plaintiff's supervisor. [*Id.*; see also Docket Entry No. 26-1 at 2]. Although Evegan's name is featured numerous times throughout Plaintiff's proposed Amended Complaint, and is alleged to have played an integral role in the gravamen of Plaintiff's claims, Plaintiff did not name him in his original lawsuit. Instead Evegan was originally plead as a John Doe in the Plaintiff's original Complaint; and Plaintiff claims that since that time, his name and location were discovered, allowing Plaintiff to name him directly. [*Id.*]. Consequently, the Plaintiff argues pursuant to the Court's discretion to join non-diverse defendants under 28 U.S.C. § 1447(e), the Court should now remand the action to state court.

Plaintiff also states he intends to add other Doe Defendants who are likely citizens of New Jersey. [Docket Entry No. 26-1 at 6; "Plaintiff's complaint is made against not only the named Defendants, but also the unnamed [Doe] Defendants […] these are also the unnamed agents of

3

Defendants that were employees of [Sunrise], and upon information and belief, residents of New Jersey […]; citing *Frett-Smith v. Vanterpool*, 511 F.3d 296, 399-400 (3d Cir. 2008) ("For the purposes of ascertaining diversity jurisdiction, a party's citizenship is synonymous with domicile."].  However, to the extent the Plaintiff believes he may rely upon the Doe Defendants' New Jersey-domicile to defeat diversity, he is mistaken, as 28 U.S.C. § 1441 (a) plainly provides "[f]or the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." See 28 U.S.C.A. § 1441 (a); [see also Docket Entry No. 24-2; *Defs.' Opp. To Pl.'s Mot. to Amend and Remand Compl. Ex A*, *Tr. of D. Ct.'s Hr. regarding Defs.' Mot. to Dismiss* at 11:2-11:12].

The Defendants contend that the sole purpose for adding Evegan is to destroy the properly invoked jurisdiction of the Federal District Court. They argue that although the Court has the discretion to permit or deny the joinder of a non-diverse defendant after a cases' removal from state court pursuant to 28 U.S.C. 1447 (e), the Court must scrutinize motions to amend more carefully when a plaintiff seeks to join a non-diverse party, and as a result, deprive a federal court of subject matter jurisdiction. [Docket Entry No. 28 at 3; citing *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 746 (D.N.J. 2008)].

The Defendants argue that Plaintiff's Count I and common law claims remain futile because his amended factual allegations about his alleged adverse employment actions do not plausibly give rise to an inference of discrimination. [Docket Entry No. 28 at 10; citing *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)].  Likewise the Defendants argue that the Plaintiff's common law claims are preempted by the NJLAD. Therefore, regardless of the Plaintiff's new factual allegations, his common law claims are futile as the NJLAD specifically bars common law remedies arising from the same set of operative facts as an NJLAD claim.  [*Id.*

at 12-13; citing *Everson v. JP Morgan Chase Bank*, No. 12-7288, 2013 U.S. Dist. LEXIS 65309, at *7-8 (D.N.J. May 8, 2013).

Both parties agree that the applicable test a Court must use when deciding whether to permit or deny the joinder of a non-diverse defendant after a cases' removal from state court is the four-factor test delineated in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), that has been largely adopted by courts within the Third Circuit. See *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 840–41 (3d Cir. 2014) (citing *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F.Supp.2d 742, 746 (D.N.J. 2008) (noting that district courts within the Third Circuit have adopted the *Hensgens* approach).

**II.     Analysis**

   **I.     <u>Plaintiff's Motion to Join Evegan and Motion to Remand</u>**

The Court will first consider whether, under *Hensgens,* Plaintiff should be permitted to join Evegan as a non-diverse defendant. Under 28 U.S.C. §1447(e), "[i]f after removal the plaintiff seeks to join additional parties whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand to state court." 28 U.S.C.A §1447 (e) (West 2016). Specifically, when a district court is "faced with an amended pleading naming a new non-diverse defendant in a removed case, [it] should scrutinize that amendment more closely than an ordinary amendment," and should consider "[1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities." *Hayden*, 586 F. App'x at 840–41; citing *Hensgens*, 833 F.2d at 1182.

The first *Hensgens* factor is the extent to which the purpose of amendment is to defeat federal jurisdiction.

> "In cases in which it was apparent the plaintiff knew about the non-diverse defendant's activities at the time the suit was originally brought in state court, but still chose not to include that party as a defendant, the courts have viewed any later attempts to add the non-diverse defendant as nothing more than an attempt to destroy diversity."

*Salamone v. Carter's Retail, Inc*. No. 09-5856, 2010 U.S. Dist. LEXIS 20165, at *5-6 (D.N.J. Mar. 5, 2010) (internal citations omitted). In this respect, Plaintiff merely avers this factor weighs in his favor as "the joinder of the non-diverse party was not fraudulent but rather necessary for judicial economy and global resolution of Plaintiff's claims." [See Docket Entry No. 26-1 at 8]. However the Court finds that the facts pleaded in Plaintiff's proposed Amended Complaint do not support this assertion.

Plaintiff pleads that Evegan was one of Plaintiff's supervisors, and that the Plaintiff had a good relationship with Evegan's predecessor, leading the Court to believe the Plaintiff's position and the management-position Evegan and his predecessor held, were required to interact with one another. [See Docket Entry No. 26-7 at ¶¶ 3, 34]. This direct interaction would often alone be enough to ascertain the name of a would-be-defendant, but Plaintiff's interactions with Evegan are even more extensive. Evegan criticized Plaintiff directly, threatened to fire him on a semi-frequent basis, asked direct questions to the Plaintiff, mocked Plaintiff's voice and mannerisms, and even made disparaging remarks about Plaintiff's professional abilities. [*Id*. at ¶ 31, 32, 43]. It is not plausible that after these interactions the Plaintiff would neither know of Evegan's identity nor his misconduct at the time his original Complaint was filed. Lastly, the Court notes that the Plaintiff was in fact able to name two Sunrise managers, "Tammy" and "Elaine" by name, despite Plaintiff having less-frequent contact with these managers than Evegan. [*Id*. at ¶ 22, 25, 26, 30]. Notwithstanding there being cognizable claims against these managers, Plaintiff has still chosen

not to name them as defendants. From these factors alone, it appears that Evegan's addition is solely to defeat diversity jurisdiction.

Concerning the second *Hensgens* factor - whether the plaintiff has been dilatory in asking for amendment; the Plaintiff filed its original Complaint on February 25, 2015 and the case was removed to federal court by the Defendants on April 10, 2015. Plaintiff's first evidence of an intent to add Evegan is found in Plaintiff's August 25, 2015 opposition to Defendant's motion to dismiss. There Plaintiff cross moved to remand the case back to state court claiming that Evegan's conduct (then pleaded as a Doe Defendant), in conjunction with the Defendants' substantial contacts with New Jersey, destroyed diversity jurisdiction.  [See Docket Entry No. 15 at 3].  While this request was denied by the Court on October 8, 2015, and Plaintiff sought to add Evegan in its November 6, 2015 motion to amend, the Court still believes the Plaintiff was dilatory.

The time periods between Plaintiff's instant motion to amend, and the filing the initial state court Complaint (eight months and 12 days), and removal (210 days), are well within this Circuits timeframe for dilatoriness. See, e.g., *Parson v. Home Depot USA, Inc*., No. CIV.A. 13-4817, 2013 WL 6587316, at *8 (D.N.J. Dec. 13, 2013) (waiting more than 30 days after removal was dilatory); *Salamone*, 2010 U.S. Dist. LEXIS 20165, at *6-7 (37 days after removal was dilatory); *Jordan v. Alliedbarton Sec. Servs.,* No. CIV. 10-3011 GEB, 2010 WL 4687934, at *9-10 (D.N.J. Nov. 10, 2010) (44 days after removal was dilatory). Further, it is clear from the facts contained in Plaintiff's proposed Amended Complaint that the Plaintiff was well aware of Evegan's identity prior to the filing of his initial state court Complaint. Therefore, the Court agrees with the Defendants that Plaintiff has been dilatory in requesting an amendment. Therefore, the second *Hensgens* factor also weighs against allowing the amendment.

The third *Hensgens* factor – whether Plaintiff will be significantly injured if his amendment is not allowed, also weighs in favor of the Defendants. Although the Plaintiff claims that maintaining two concurrent lawsuits would be extremely expensive and prejudicial [Docket Entry No. 26-1 at 8-9], this is not necessarily so. Even if Plaintiff decides to file another suit against Evegan, "maintaining concurrent federal and state actions arising out of the same series of transactions would not be a significant injury." *Salamone,* 2010 U.S. Dist. LEXIS 20165, at *7. Likewise the only case that Plaintiff has cited on point, *City of Perth Amboy*, involved a construction contract where the defendants were jointly and severally liable to one another. *City of Perth Amboy*, 539 F.Supp.2d at 750. As there is no joint and several liability here, a separate suit against Evegan would proceed normally. Consequently the third *Hensgens* factors weighs in favor of Defendants.

Finally, as the Plaintiff does not address the final *Hensgens* factor, and the Court finds that the other three *Hensgens* factors weigh in favor of Defendant, it DENIES the Plaintiff's request to join Evegan and DENIES Plaintiff's request to remand this case to state Court. Similarly, as the remainder of Plaintiff's arguments regarding fraudulent joinder only apply after a party has, in fact, been joined, the Court need not address them as they are moot.

II.     **Plaintiff's Motion to Amend**

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing an amendment either through the court's leave, or through obtaining the opposing party's written consent. *Smith v. Honeywell Int'l, Inc.*, No. 10-CV-03345-ES-JAD, 2014 WL 301031, at *11 (D.N.J. Jan. 27, 2014). While courts have broad discretion to decide motions to amend, they are to "heed Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice." *Voilas v. General Motors Corp.,* 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and

quotations omitted); see also *Wright & Miller* § 1484, at 676 ("Subdivision (a)(2) encourages the court to look favorably on requests to amend."). This ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.,* 92 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted); see also *Sabatino v. Union Township,* No., 2013 WL 1622306, at *6 (D.N.J. April 15, 2013) (internal citations omitted) (discussing that "if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits."). The decision to grant or deny leave to amend under Rule 15(a) is "committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein,* 10 F.3d 168, 174 (3d Cir. 1993). In the absence of unfair prejudice, futility of amendment, undue delay, bad faith, or dilatory motive, the court must grant a request for leave to amend. *Grayson v. Mayview State Hosp.,* 292 F.3d 103, 108 (3d Cir. 2002).

In determining whether a proposed amendment is futile, "the court looks only to the pleadings." *Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F.Supp.2d 761, 765 (D.N.J. 2000). A proposed amendment is futile if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. When faced with a motion to dismiss for failure to state a claim, the court conducts a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual elements are separated from the legal elements of the claim. *Id*. at 210-11. The court must accept the factual elements alleged in the well-pleaded complaint as true, but may disregard any legal conclusions. *Id.* Second, the court must decide if the facts alleged are sufficient to show a "plausible claim for relief." *Id*. at 210 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft,* 556 U.S. at 679.

### **Plaintiff's Sexual Orientation Discrimination Claim (Count I) is Futile**

Examining the Plaintiff's proposed Amended Complaint, he has not alleged enough supporting facts to show his two adverse employment actions; (1) the denial of "ancillary benefits"; and (2) his termination, were based upon his sexual orientation.

New Jersey state courts have adopted the burden-shifting analysis first developed by the United States Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), as the method for analyzing NJLAD claims. *El-Sioufi v. St. Peter's Univ. Hosp.,* 382 N.J. Super. 145, 166–67 (App. Div. 2005); citing *Jansen v. Food Circus Supermarkets, Inc.,* 110 *N.J.* 363, 382, 541 *A.*2d 682 (1988); *Peper v. Princeton Univ. Bd. of Trustees,* 77 N.J. 55, 82, 389 *A.*2d 465 (1978). To state a claim for relief under the NJLAD, (1) the plaintiff must come forward with sufficient evidence to constitute a *prima facie* case of discrimination; (2) the defendant then must show a legitimate non-discriminatory reason for its decision; and (3) the plaintiff must then be given the opportunity to show that defendant's stated reason was merely a pretext or discriminatory in its application. *El-Sioufi*, 382 N.J. Super. at 167; citing *Maher v. New Jersey Transit \*\*1183 R.O. Inc.,* 125 N.J. 455, 480-81 (1991); *Jansen, supra,* 110 *N.J.* at 382. Therefore, the plaintiff must first establish a *prima facie* claim by plausibly alleging: "(1) plaintiff belongs to a protected class; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment actions." *El-Sioufi*, 382 N.J. Super. at 167.

The factual allegations regarding Plaintiff's two alleged adverse employment actions are found in paragraphs 4-47 of Plaintiff's proposed Amended Complaint. Plaintiff alleges he was the

only homosexual employed at Brighton Gardens. [Docket Entry No. 26 at ¶ 7]. Within the five months between Plaintiff's February 25, 2014 hiring, and October 5, 2014 termination, the Defendants and their agents treated Plaintiff in an adverse manner upon their discovery of Plaintiff's sexual orientation. [*Id*. at ¶ 5, 8, 46]. Plaintiff claims he did not receive the same ancillary benefits his heterosexual colleagues received, such as raises and other adjustments to their compensation including bonuses, in the same time period. [*Id*. at ¶ 9]. Likewise, Plaintiff also alleges that throughout his employment, he performed his job duties in a professional and dedicated manner…and never received any negative formal annual performance review or any indication from Defendant that his performance was inadequate or in need of improvement." [*Id*. at ¶ 10]. Additionally, Plaintiff alleges that in addition to the pattern of harassment performed by various co-workers, the Plaintiff was "threatened to be fired by Defendant Evegan on a semi-frequent occasion." [*Id*. at ¶ 30]. Similarly, Evegan would often ask Plaintiff "what are we going to do with you," which Plaintiff believed to be related to this sexual orientation. [*Id*. at ¶ 31]. Further, when Plaintiff was to be fired by Evegan, no members of the Defendants' human resources division were present. [*Id*. at ¶ 32]. Likewise, Plaintiff had a positive relationship with Evegan's predecessor, and did not receive any complaints from the Defendants or their agents prior to Evegan's joining this location. [*Id*. at ¶ 33-34]. Finally, Plaintiff alleges that Evegan "treated Plaintiff in a manner different than other employees. [*Id*. at ¶ 37]. Particularly, [he] … mocked Plaintiff's voice and mannerisms, made numerous disparaging remarks as to Plaintiff's professional abilities and was overly critical, harsh and unfair of Plaintiff, and treated Plaintiff differently than other employees for no apparent legitimate reason. [*Id*. at ¶ 43].

However, the aforementioned factual allegations regarding Plaintiff's denial of ancillary benefits do not sufficiently set forth a plausible *prima facie* claim of sexual orientation

discrimination under the NJLAD because they offer no direct evidence of discrimination. Rather, the Plaintiff suggests that discrimination may be inferred from a comparison: that only heterosexual employees received ancillary benefits. However, to say that some employees received more than others falls far short of a plausible discrimination claim. While there is "no bright-line rule for determining who is a 'similarly situated' employee;" to make such an allegation plausible, Plaintiff must at least allege factually that the two groups of employees were similarly situated but for their sexual orientation. *Jones v. Showboat Hotel & Casino,* 329 N.J.Super. 295, 305 (App.Div.2000); *see also Peper v. Princeton Univ. Bd. Of Trs.,* 77 N.J. 55, 85 (1978).

Plaintiff fails to demonstrate how these employees are similarly situated enough for the adverse employment action to be plausibly based on sexual orientation discrimination. The Plaintiff only describes the other employees as his "colleagues." He does not state whether the other employees' job titles are the same as the Plaintiff's, whether they performed similar work-functions as the Plaintiff, whether the other employees held their positions for a similar time frame as the Plaintiff, or whether the other employees performed their tasks in a similar manner to the Plaintiff. This lack of information does not allow the Court to properly consider whether the Plaintiff was similarly situated to a group that did not receive adverse employment action.

Plaintiff's allegations about his termination are likewise deficient. The Plaintiff has pleaded ample facts that, if true, demonstrate he was harassed on a frequent basis, and he was fired. However, the Plaintiff's facts still fail to demonstrate a link between Plaintiff's firing, and discrimination based upon his sexual orientation. The actual factual circumstances regarding Plaintiff's firing are not found in the proposed Amended Complaint. Similarly, it appears to the Court that the majority of the harassment was conducted by non-supervisory staff, whom are not alleged to have hiring and firing authority, nor are alleged to have provided any input into the

hiring and firing determinations of the Defendant. Likewise, even though the Plaintiff has pleaded Evegan mocked the Plaintiff in some capacity, the Plaintiff still does not plead any facts showing that Evegan impermissibly influenced the Defendant's decision to fire the Plaintiff. See also *Davis v. City of Newark*, 285, F. App'x 899, 903 (3d Cir. 2008) ("[a Plaintiff] cannot sustain a claim simply by asserting an event and then asserting that it was motivated by […] bias"). Consequently, the Plaintiff's Count I claim remains futile and his request for leave to amend is DENIED.

### Plaintiff's Hostile Work Environment Claim (Count II) is Not Futile

Plaintiff alleges numerous instances of a hostile work environment in his proposed amended complaint. Plaintiff alleges that "he was called names, slurs and received other negative remarks directed to him". [Docket Entry No. 26-7 at ¶16] Plaintiff also alleges he was told on several occasions by other employees that he should "Get right with God, "Fix his life" and "Go to church and repent" [*Id*. at ¶ 17] Plaintiff further alleges that he was called a faggot in the dining hall by other employees in front of both his co-workers and residents of the Defendants. [*Id*. at ¶ 23] Plaintiff allegedly reported this behavior to several managers and was told to "shrug it off" and "not to make a big deal" about it. [*Id*. at ¶ 22, 26]

The Court notes that Defendant's concede that, "for the purposes of this motion, Plaintiff has adequately pled its hostile work claim. [Docket Entry No. 28 at 9, *Pl's Brief in Opp*.] The Court finds that Plaintiff has pled sufficient facts to make a hostile work environment claim plausible. Plaintiff's Count II claim is not futile and his request for leave to amend is GRANTED.

### Plaintiff's Common Law Claims (III-V) are Preempted by the NJLAD and are Futile

The NJLAD was enacted in 1945 in an effort to "eradicat[e]"... the cancer of discrimination.'" *Lehmann v. Toys 'R' Us, Inc*., 132 N.J. 587, 600 (1993). The NJLAD provides plaintiffs with all remedies available in common law tort actions. See N.J.S.A. § 10:5-3; *Catalane*

13

*v. Gilian Instrument Corp*., 271 N.J. Super. 476, 492, 638 A.2d 1341 (App.Div.1994) ("Our Legislature has declared the remedies available under the NJLAD and ... have expressed the view that ... the statute should be read broadly enough to encompass those claims and damages previously available at common law"). The exclusivity of the NJLAD remedies thus preempts any common law claims based on the same factual predicate. *Toscano v. Borough of Lavallette*, No. 04-4412, 2006 WL 1867197, at *9 (D.N.J. June 30, 2006) ("A supplementary cause of action is not allowed when the NJLAD provides a remedy for the wrong"); *Quarles v. Lowe's Home Ctr.*, No. 04-5746, 2006 WL 1098050, at *4 (D.N.J. March 31, 2006) (dismissing plaintiff's claim for intentional infliction of emotional distress because it was "based on the same allegations supporting [p]laintiff's NJLAD claim"); *Catalane*, 271 N.J. Super. at 492, 638 A.2d 1341 ("supplementary common law causes of action may not go to the jury when a statutory remedy under the LAD exists"); *DeJoy v. Comcast Communications, Inc*., 941 F. Supp. 468, 476 (D.N.J. 1996) (finding plaintiff's common law claim preempted by the NJLAD where plaintiff provided no information showing his common law claim was 'different or broader' than his NJLAD claim)). Thus, if Plaintiff's common law claims are duplicative of his NJLAD claims, those claims are barred and must be dismissed.

      Examining the Plaintiff's proposed Amended Complaint, it is clear that the Plaintiff's common law claims are based upon exactly the same set of facts as Plaintiff's NJLAD claims. The Plaintiff's common law claims not only "repeat[] and reallege[]" the factual allegations contained within the paragraphs of Plaintiff's two NJLAD claims, but also the Plaintiff alleges no factual allegations whatsoever within the paragraphs of Plaintiff's common law claims, much less additional or different factual allegations. [See Docket Entry No. 26-7 at ¶¶ 60-72]. Furthermore, Plaintiff's common law claims directly state the Defendants' "violations of the NJLAD" are also

the basis of New Jersey common law claims. [See *Id*. at ¶ 62 ("Defendants negligently failed to supervise the business when the Plaintiff was subjected to violations of the NJLAD, sexual orientation discrimination, and harassment by the employees and management."); *Id.* at ¶ 65 ("The conduct of Defendants was malicious, willful, wanton, and reckless and in deliberate violation of […][the] NJLAD and caused in fact Plaintiff to suffer from emotional distress as a result of said conduct."); *Id*. at ¶ 71 ("Defendant is liable to Plaintiff for negligently hiring the employees and managers who subjected Plaintiff to discrimination, a hostile work environment, violations of NJLAD and harassment.")]. Therefore, as Plaintiff's common law claims are merely restatements of his NJLAD claims, these claims are consequently preempted by his NJLAD claims, and his request for leave to amend is DENIED.

**Conclusions**

Therefore, for the reasons stated above, and for good cause shown:

IT IS on this 16th day of September, 2016

1. ORDERED that Plaintiff's motion to join Defendant Evegan is DENIED, Plaintiff's motion to remand is DENIED, Plaintiff's motion to amend is DENIED in part and GRANTED in part; and it is further

2. ORDERED that the Clerk of the Court shall terminate the aforementioned motion [Docket Entry No. 26].

                                                         /s/ Tonianne J. Bongiovanni
                                      **HONORABLE TONIANNE J. BONGIOVANNI**
                                      **UNITED STATES MAGISTRATE JUDGE**